UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:23-CR-00173-05** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **DERRICK LONG (05)** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Before the Court is a Motion for New Trial [Doc. No. 290] filed by Defendant Derrick Long ("Long"). A Response [Doc. No. 315] was filed by the United States of America ("Government").

For the reasons set forth below, Long's Motion for New Trial is **DENIED**.

**I.    BACKGROUND**

On December 7, 2023, Long, along with six others,[1] was indicted[2] in Count 1, Conspiracy to Distribute and to Possess With the Intent to Distribute Methamphetamine (over 50 grams), and Count 2, Distribution of Methamphetamine. On November 13, 2024, a jury found Long guilty of both charges.[3]

On January 3, 2025, Long filed the pending Motion for New Trial under Rule 33 of the Federal Rules of Criminal Procedure, alleging newly discovered evidence. The supposed newly discovered evidence was that Jerome White ("White"), a trial witness and confidential informant, lied to the Government in another case[4] by falsely alleging Long made two undercover narcotics buys from Kylan Manning, who was allegedly out of the country on a cruise.

---

[1] Trentin D. Parks, James Ard, aka "Booger", Richard Brooks, Joseph Hodges, aka "Solo", Marquis Tarver and Brandon Wright.
[2] [Doc. No. 30].
[3] [Doc. No. 270].
[4] *United States v Kylan Manning*, No. 3:23-cr-00070-01.

Long argues that this evidence, as revealed in a letter from the Government dated December 3, 2024, significantly compromised White's credibility.[5] The Government maintains it was unaware of White's involvement in the Manning case. However, when the Government confirmed the connection, the AUSA called defense counsel on November 29, 2024, and issued the letter.[6]

## II.  LAW AND ANALYSIS

A defendant can move for a new trial on the basis of new evidence. Fed. R. Crim. P. 33. However, such motions are disfavored and reviewed with great caution. *United States v. Turner*, 674 F.3d 420, 429 (5th Cir. 2012). To succeed, the moving party must meet all of the *Berry* rule conditions: 1) the evidence must be newly discovered, unknown to the defendant at the time of trial; 2) the failure to detect the evidence must not have been due to a lack of diligence; 3) the evidence cannot be merely cumulative or impeaching; 4) the evidence must be material; and 5) if the evidence were introduced at a new trial, the probable result would be an acquittal. *U.S. v Dickerson*, 909 F.3d 118, 125 (5th Cir. 2018). The motion must be denied if the defendant fails to demonstrate any one factor. *U.S. v Piazza*, 647 F.3d 559, 565 (5th Cir. 2011).

Long satisfies the first, second, and fourth factors. There is no dispute that the evidence was unknown to Long at the time of the trial and the failure to discover the evidence was not due to lack of diligence. This Court also finds the evidence is material in that it could be used to impeach White. However, Long is unable to meet the third and fifth factors.

### A.  The Evidence is Impeaching Evidence

The third *Berry* factor states that the newly discovered evidence cannot be merely cumulative or impeaching. Evidence that White allegedly lied in another case about two

---

[5] [Doc. No. 290, p. 2],
[6] [Doc. No. 315, p. 6].

distributions involving another defendant is impeachment evidence. The evidence does not relate to any element of any offense against Long. Thus, the evidence could only be used to attack White's credibility at trial.

In *U.S. v Brumfield*, the defendant sought a new trial by pointing to newly discovered newspaper articles addressing allegations of misconduct and the suspension of a DEA agent. 713 Fed. Appx 395, 396 (5th Cir. 2018). However, the Fifth Circuit found that the articles had no evidentiary purpose other than to impeach trial testimony and denied the Rule 33 request. *Id*. Likewise, in *U.S. v Dickerson*, the defendant pointed to false trial testimony of his co-defendant, Marion Young, that the government would make no recommendation as to Young's sentence. 909 F.3d 118, 125 (5th Cir. 2018). Again, the Fifth Circuit found the evidence was merely impeachment evidence, and therefore Dickerson was not entitled to a new trial. *Id*.

Like the evidence in *Brumfield* and *Dickerson*, the newly discovered evidence is impeachment evidence and therefore, Long is not entitled to a new trial.

**B.     Probability of Acquittal**

Additionally, this Court finds the probable result would not have been an acquittal if the evidence were introduced at trial. Long was found guilty of conspiracy to distribute and possess with intent over 50 grams of methamphetamine and of distribution of methamphetamine on February 27, 2023. White was one of five witnesses that testified at trial. White's testimony primarily dealt with the sale by Long to White of methamphetamine on February 27, 2023.

White worked as a confidential informant for law enforcement and was involved in several undercover buys of methamphetamine. The buy involving Long took place on February 27, 2023. On this date, Agent Andrew Laiche ("Agent Laiche"), the special DEA agent in charge of the investigation, testified that he had White call James Ard ("Ard"), another co-defendant in the case.

Ard was not at home, so Ard told White to call Long. White tried to call Long three times, but Long did not answer. White called Ard back and Ard told White to go to Ard's house located at 2908 Lee Street, Monroe, Louisiana.

White was searched and given $950.00 by Agent Laiche. White went to Ard's residence and purchased two (2) ounces of methamphetamine from Long.

However, Long's distribution was not just based upon White's testimony. White also had a hidden camera which provided both audio and video. The video[7] and a screenshot[8] of the video showed Long distributing the methamphetamine to White. Long was identified by both White and Agent Laiche in the video and in the courtroom.

The distribution conviction was also supported by the testimony of Corporal Anthony Cowan ("Cowan"), who was also involved in the investigation and the February 27, 2023, distribution. Additionally, Ard testified that on February 27, 2023, he was called by White to purchase methamphetamine. Ard corroborated White and Agent Laiche's testimony that he called Long to sell the methamphetamine to White. Therefore, even if White were impeached by the newly discovered evidence, there was substantial evidence of Long's guilt in the distribution, including a video and screenshot.

There was even more substantial evidence to sustain Long's conviction for the conspiracy charge. In addition to White's testimony, the testimony of Ard, Agent Laiche, and Cowan also supported Long's involvement in the conspiracy. Pole camera evidence and photographs showed Long spending long periods of time at Ard's house. Moreover, Ard testified to Long's involvement in the conspiracy. Additionally, another co-defendant, Brandon Wright ("Wright") also testified and provided evidence of Long's involvement in the drug conspiracy.

---

[7] Government Exh. 16-001.
[8] Government Exh. 16-002.

It should also be noted that White's credibility was very effectively challenged at trial. White had been convicted of conspiracy to commit simple burglary, illegal possession of stolen things, burglary of an inhabited dwelling, simple burglary, conspiracy to commit armed robbery, battery of a dating partner, theft, domestic abuse battery, and possession of cocaine. It was additionally brought out that on June 20, 2023, while involved in this investigation, White took for himself an ounce of methamphetamine after a buy. White was fired as a confidential informant and was arrested for this offense.

After being present at the trial and listening to the testimony, this Court believes that the newly discovered evidence would not result in an acquittal of Long.

### III.    CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Derrick Long's Motion for New Trial [Doc. No. 290] is **DENIED**.

**MONROE, LOUISIANA**, this 4th day of February 2025.

_____
**TERRY A. DOUGHTY, JUDGE**
**UNITED STATES DISTRICT COURT**